THE PIONEER IMPLEMENT COMPANY v. THE STERLING MANUFACTURING COMPANY, Appellant, Erroneously Entitled THE STERLING MANUFACTURING COMPANY v. THE PIONEER IMPLEMENT COMPANY.

**Appeal:** REVIEW OF EVIDENCE: *Transcript and abstract.* On appeal, errors assigned were that the court erred in taking all questions from the jury except one, in giving each of the instructions given on its own motion, and in overruling defendant's motion for a new trial. What was said concerning them in appellant's argument was based on the evidence. *Held*, that the contentions could not be considered where the abstracts conflicted without reaffirmance by appellant, and in the absence of a transcript of the evidence.

*Appeal from Pottawattamie District Court.*—HON. A. B. THORNELL, Judge.

MONDAY, MAY 24, 1897.

THIS case is incorrectly entitled in the abstract, and consequently in the records of this court, as *Sterling Manufacturing Co. v. Pioneer Implement Co.*, instead of as above. It is an action by the Pioneer Implement Company, plaintiff, to recover of the Sterling Manufacturing Company, defendant, the value of a stock of agricultural implements of which plaintiff alleges it was the absolute and unqualified owner, and that said property was seized by the defendant, and converted to its own use, to plaintiff's damage. Issues were joined, the case tried to a jury, and verdict and judgment in favor of the plaintiff. Defendant appeals.—*Affirmed.*

*John J. Shea* for appellant.

*Harl & McCabe* and *C. C. McNish* for appellee.

GIVEN, J.—Appellant's original abstract does not contain any certificate or statement showing that it is a correct abstract of the record, or of any part thereof. Appellee filed an additional abstract "to correct some of the inaccuracies of appellant's abstract," and "expressly denying that both abstracts present or set out all the evidence introduced on the trial of said cause." Thereupon appellant filed an amendment to its abstract containing the following, and no more: "That the above and foregoing abstract contains all the evidence offered or received on the trial of said cause, the objections of the parties, the rulings of the court, the exceptions to said rulings, the instructions of the court and the exceptions thereto, the verdict, judgment, and all proceedings had and done in said cause, as fully as the same were had, done, or ordered." Following this, appellee served and filed its denial of appellant's amendment to abstract, as follows: "Appellee denies the statement in appellant's amendment to abstract that the abstract presents all the evidence introduced at the trial, and denies that said evidence is not presented in any or all of the abstracts and amendments, and denies that the pretended evidence set out in the abstracts and amendments is no part of the record in this cause." Appellant has not reaffirmed the correctness of its abstract, nor has any transcript of the evidence been filed. We are, therefore, without any authentic abstract of the evidence, and cannot consider any of the seventeen errors assigned upon the admission and exclusion of evidence.

The other errors assigned are as follows: "(18) The court erred in taking all questions in the case from the jury except the one of the value of the property in question, as shown on page 119 of this abstract. (19) The court erred in giving each of the instructions given upon his own motion. (20) The court erred in

overruling the motion of defendant for a new trial herein." These assignments are barely referred to in appellant's argument, and what is said concerning them is grounded upon the evidence. Without the evidence, we cannot consider these contentions. With this condition of the record, the judgment of the district court must be AFFIRMED.